**Ex parte Richard Ben MARTIN.**

**No. 2–83–064–CV.**

Court of Appeals of Texas,
Fort Worth.

May 26, 1983.

Scurlock, Binion, Brackett & Oldham, Inc. and Clayte Binion, Fort Worth, for appellants.

Bill J. Ballard, Wichita Falls, for appellees.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

FENDER, Chief Justice.

This is an original habeas corpus proceeding brought in this court pursuant to the authority of Tex.Rev.Civ.Stat.Ann. art. 1824a. The relator, Richard Ben Martin, seeks release from the custody of the Sheriff of Wichita County, Texas, assumed pursuant to an order of the District Court of Wichita County in a contempt action. We ordered Martin released on bond pending a determination of the propriety of punishment. We now order that Martin be discharged.

Martin and his wife were divorced on March 11, 1981. In the decree, Martin was ordered to pay $825.00 a month in child support for his three sons. Later, the decree was modified and Martin was ordered to pay $174.06 a week. This case was instituted by the filing of a motion for contempt judgment on October 30, 1982 alleging that Martin had not made child support payments of a total amount of $5,385.30 from April 20, 1982 through October 5, 1982. Pursuant to an order to show cause on motion for contempt judgment, trial on the first amended motion was had on December 21, 1982, March 1, 1983 and March 15, 1983. Heard at the same time and on the same record was Martin's second amended motion to modify child support payments.

On April 21, 1983, the District Court entered judgment holding Martin in contempt of court and sentenced him to 15 days of weekend confinement in the Wichita County Jail. In that judgment the court found that Martin "[D]id have the income to tender as child support and did not pay any child support and should be held in contempt of court" in five instances totaling $1,521.24. The court further found that, while there was insufficient income to meet the requirements of either the original or amended child support order, Martin did have income and could have tendered a reasonable portion of such income but failed to do so. The issue presented in this proceeding is whether there is a material and substantial difference or variance between the judgment of contempt and the contempt citation (based upon the child support orders).

We hold that there was such a variance. The child support orders required payment of a definite, stated amount ($174.06 or

$825.00 per month), no more and no less. The contempt citation claims as a basis for Martin's incarceration, his failure to pay the "full court ordered amount". On the other hand, the judgment of contempt is not based upon a violation of the child support orders or the failure to pay the full amount ordered. It is, by its own terms, based on Martin's failure to pay or tender a "reasonable amount" of his income as "some" child support. It therefore appears that the contempt judgment was predicated upon Martin's failure to do an act the court had not ordered him to do. He had no notice prior to the judgment that he was to tender a "reasonable amount" of his income as "some" child support if he did not have the means to make full court ordered payments.

Due process of law required that Martin be given full and complete notification of what he was charged. A contempt judgment rendered without such notification is a nullity. *Ex parte Gordon,* 584 S.W.2d 686, 688 (Tex.1979). As there was no such notification in the instant proceeding, the contempt judgment cannot stand. In light of this holding, relator's other points of error need not be considered.

The relator is discharged.